IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMOS TATE<br>    Plaintiff | :<br>:  C.A. NO. 05-175 ERIE<br>: |
| V | : |
| MAYOR of the CITY OF<br>ERIE, PA | :<br>: |
| CITY OF ERIE POLICE<br>DEPARTMENT | :<br>: |

### BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT

### FACTS AND PROCEDURAL HISTORY

Plaintiff, Amos Tate, filed this action with the Clerk on or about June 6, 2005, hand-delivering a copy that date to the Office of City Solicitor, along with a request for Waiver of Service of Summons. The Waiver was executed by the undersigned on July 6, 2005, and mailed to Plaintiff. This Motion to Dismiss is now filed.

### ARGUMENT

### THE COMPLAINT FAILS TO ABIDE BY THE MOST BASIC STANDARDS OF PLEADING, AND IS SIMPLY INCOMPREHENSIBLE.

Federal Rule of Civil Procedure 8(a) requires a Plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." While this "notice pleading" standard differs from the more stringent "fact" pleading standard of Pennsylvania and other state courts, it still requires some amount of direct or inferential allegation from which each of the material elements necessary to support a recovery under some cognizable legal theory—*Roe v. Aware Woman Center for Choice, Inc.* 253 F. 3d 678 (11th Cir 2001), *cert. denied* 122 S. Ct. 1067 (2002). A complaint comport with a defendant's "inalienable right to know in advance the nature of the cause of action

1

being asserted against him"—*Jackson v. Marion County* 66 F. 3d 151, 153 (7th Cir. 1995).  The Third Circuit, in *Nix v Welch & White, P.A.* 55 Fed. Appx. 71, 2003 U.S. App.LEXIS 289 (2003) recognized Rule 8's requirement that a complaint provide "fair notice of the transaction" and "set forth the material points necessary to sustain recovery," citing *Menkowitz v. Pottsdown Memorial Med. Ctr.* 154 F. 3d 113, 124 (3d Cir. 1998).  The *Nix* court found that the District Court had correctly determined that the complaint "failed to satisfy the minimal pleading requirements of Rule 8(a) because it merely alleges defendants' action 'embodied violations of the (Fair Debt Collection Practices) Act' and 'violated the Act in other ways'" which are conclusory allegations, but had erred in dismissing the complaint without giving leave for amendment.

The complaint in *Nix* had actually identified the plaintiff's transaction with defendant as two loans and subsequent collection efforts.  The present complaint gives us nothing approaching such notice.  While *pro se* pleadings are generally entitled to greater deference than attorney-drafted ones, Plaintiff here has produced a complaint which, in its approximate 100 words is so rife with misused words and unidentified individuals that any reader is at a loss to determine just what is being said.

As can best be gleaned, Plaintiff claims that on "numerous occasions" between March 2004 and June of 2005, he has been "illicitly **Stop**" (sic) by Erie police without reason, and has suffered "loss employment and been discomfort in many aspects, regarding these vicarious acts."  He asserts that "malicious racial profiling" has been initiated or allowed by "Mayor Filippi," identified by last name only in the body of the complaint, not in the caption, and names "John Garden and Sam Spencer" whose association with the City of Erie or the Mayor is not stated, as having been "granted

access to any essential city necessity to deplore insidious hate act." No one can be expected to decipher such an incoherent statement; which, by literal interpretation, states the opposite of discriminatory policy—to "*deplore* insidious hate act" is what law-abiding citizens are supposed to do. Who are John Garden and Sam Spencer, and how can they be connected to any City of Erie policy which allegedly violates Plaintiff's federally guaranteed rights?

Without some basic information regarding the nature of the alleged "stops" of Plaintiff, such as whether he refers to traffic stops or other encounters with police officers, defendant is unable to determine whether he could allege any cognizable assertion of a violation of his federal rights, which is the basis of any possible jurisdiction under "28 U.S.C." (no section identified) or any other basis of this court's jurisdiction.

The unliquidated damages claim of "$2.2 Million Nominal United State Currency" violates Western District local rule prohibiting a specific monetary demand for unliquidated claims in excess of the jurisdictional threshold. Such claims may only be stated by stating that damages are "in excess of $75,000.00"

**CONCLUSION**

The complaint should be dismissed with a specific time period for Plaintiff to amend it to comply with the pleading requirements of Rule 8 and other applicable law.

Respectfully Submitted,

OFFICE OF CITY OF ERIE SOLICITOR

By: _____
Gerald J. Villella, Esquire
PA ID No. 32814
626 State Street, room 505
Erie, PA 16501
(814) 870-1230