IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMOS TATE** | ) Civil Action No. 05-175 Erie |
| **Plaintiff,** | ) |
| | ) JUDGE SEAN J. McLAUGHLIN |
| v. | ) |
| | ) RULE 26(f) DISCOVERY PLAN |
| **MAYOR OF THE CITY OF ERIE, PA** | ) |
| et al | ) |
| **Defendant.** | ) |

**PROPOSED CASE MANAGEMENT ORDER (TRACK I)**

AND NOW, this _____ day of November, 2005, IT IS ORDERED that this action is placed under Local Rule 16.1 of this Court for pretrial proceedings and all provisions of the Rule will be strictly enforced. This action is designated a Track I case under Local Rule 16.1.3.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to all case management, status, or pretrial conferences to obtain authority to participate in settlement negotiations to be conducted by the Court. Counsel are encouraged to instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

IT IS FURTHER ORDERED that compliance with provisions of Rule 16.1 shall be completed as follows:

(1) Plaintiff and Defendant will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by December 14, 2005. (14 days after the initial case management conference)

(2) The parties shall move to amend the pleadings or add new parties by December 30, 2005 . (30 days after the initial case management conference )

(3) The parties shall complete fact discovery by February 28, 2006 (90 days after the initial case management conference) All interrogatories, depositions, requests of admissions, and requests for production shall be served

within sufficient time to allow responses to be completed prior to the close of discovery.

(4) EXPERT REPORTS AND DISCOVERY: (If applicable)

(a) Plaintiff's expert reports shall be filed by March 10, 2006 . (10 days after the close of fact discovery.)

(b) Defendant's expert reports shall be filed by March 20, 2006 . (20 days after the close of fact discovery.)

(c) All expert depositions shall be completed by March 30, 2006 . (30 days after the close of fact discovery.)

(5) Responses to motions to compel are due within 10 calendar days of the filing of the motion.

(6) The parties shall comply with Local Rule 56.1 with respect to making a motion for summary judgment and the filing of a response to the motion. The movant shall file a motion for summary judgment in accordance with the requirements of Local Rule 56.1B on or before February 2, 2006 (20 days after the end of fact and expert discovery). The opposing party shall file its opposition in accordance with the requirements of Local Rule 56.1C on or before February 13, 2006 (within 10 days of filing of the motion for summary judgment). On the same date of the filing of said opposition, the movant shall file a joint concise statement of material facts which combines the movant's concise statement of material facts with the responsive concise statement, e.g., the movant shall combine its separately numbered paragraph (1) with the response to that same numbered paragraph in a revised separately numbered paragraph (1). The joint concise statement shall be prepared so that each response immediately follows the movant's fact to which it responds, and is readily identifiable as a response and not part of the movant's submission. The opposing party shall cooperate with the movant in preparing the joint concise statement of material facts. Briefs supporting or opposing summary judgment motions shall not exceed 15 pages, excluding tables of authorities. Reply and surreply briefs shall not be filed unless

approved/requested by the Court.

(7) Plaintiff's pretrial narrative statement shall comply with Rule 16.1.4.A, and be filed by April 30, 2006 . (60 days after the end of fact and expert discovery.)

(8) Defendant's pretrial narrative statement shall comply with Rule 16.1.4.B, and be filed by May 10, 2006 . (70 days after the end of fact and expert discovery.)

(9) Material facts not identified in the pretrial narrative statements may be excluded upon objection or sua sponte. Witnesses or exhibits not identified in the pretrial narrative statements shall not be admissible at trial, except for an exhibit to be used solely for impeachment purposes. Plaintiff should use numbers with a "P" prefix to designate exhibits (e.g., P1, P2, . . .); Defendant should use numbers with a "D" prefix to designate exhibits (e.g., D1, D2, . . .).

(10) The parties shall not amend or supplement their pretrial narrative statements without leave of Court.

(11) All parties shall file an indication whether or not they are willing to proceed to trial in front of a Magistrate Judge by December 31, 2005 . (30 days after the initial case management conference.)

_____
Sean J. McLaughlin ,United States District Judge

Cc:Amos Tate, *pro se*
341 East 21st Street
Erie, PA 16503

Gerald J. Villella, Esquire
PA ID No. 32814
Room 505
626 State Street
Erie, PA 16501
(814) 870-1235