## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMOS TATE | : | |
|     Plaintiff | : | **C.A. NO. 05-175 ERIE** |
| | : | |
| V | : | |
| | : | |
| MAYOR of the CITY OF | : | |
| ERIE, PA | : | |
| | : | |
| CITY OF ERIE POLICE | : | **Judge MCLAUGHLIN** |
| DEPARTMENT | : | |

### BRIEF IN SUPPORT OF
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**FACTS:**

Plaintiff filed this action *pro se* on June 6, 2005, vaguely alleging numerous violations of his rights by the Mayor of Erie and other municipal personnel, including police officers.  A Motion to Dismiss resulted in an Amended Complaint which was only slightly less incoherent, as well as Plaintiff's attempt to add District Justice Sue Mack as a defendant. These defendants answered the Complaint; Rule 26 information was exchanged, a Case Management Order was entered, and the Court has recently ordered Plaintiff to serve Mack or have his action dismissed; presumably as to her alone.  Plaintiff has not yet filed a pretrial narrative, nor conducted any formal discovery.

**ARGUMENT:**

Summary Judgment is available under Rule 56 if the moving party can show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Evidence must be viewed in the light most favorable to the non-movant, resolving conflicts in the non-movant's favor–*Big Apple BMW Inc. v. BMW of North Americal Inc.* 974 F. 2d 1358 (3rd

1

Cir. 1992), *cert denied* 507 U.S. 912 (1993). Once the moving party demonstrates the absence of material fact, the non-movant, particularly one with the burden of proof at trial, must move beyond his pleadings to "make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by depositions and admissions on file." *Harter v. GAF Corp;* 967 F. 2d 846 (3rd Cir. 1992); *Anderson v. Liberty Lobby Inc.* 477 U.S. 242, (1986).

**ARGUMENT:**

**NONE OF PLAINTIFF'S ENCOUNTERS WITH ERIE POLICE WAS A VIOLATION OF ANY OF HIS FEDERAL RIGHTS.**

In order for Plaintiff to prevail in this action, which is loosely pled as one authorized under the Civil Rights Act of 1991, 42 U.S.C. 1983; he must provide sufficient evidence to persuade the fact-finder that he has been subject to actions by a "person" acting "under color of law," which have substantially deprived him of rights secured by the Constitution or laws of the United States. Jurisdiction of such actions is provided to the District Courts either by 28 U.S.C. 1331 or 1343 (a)(3). Additionally, in order to find a municipal "person" liable for such a violation, there must also be sufficient evidence of a municipal policy or the involvement of a municipal policymaking official.

The law determined by the Supreme Court regarding municipal and supervisory liability for the unconstitutional acts of subordinates may be summarized thusly: Generally, there is no *respondeat superior* liability simply because of the employment relationship-*Monell v. Dept of Social Services* 436 U.S. 658 (1978). In most circumstances, if the individual officer is found not liable for damages on qualified immunity grounds, the policymakers and municipality must also be absolved from liability for having caused or tolerated the particular actions found not to impose individual liability *Los Angeles v. Heller* 475 U.S. 796 (1986).

In situations where the individual officer is liable to the plaintiff for federal rights violations, the Court has required that there be a very clear, causal relationship between the unconstitutional act and the decision of a policymaker, or custom, policy or practice of the municipality to impose municipal liability–*City of Canton v. Harris* 489 U.S. 378 (1989); *Pembaur v. Cincinnati* 475 U.S. 469 (1986); *St. Louis v. Praprotnik* 485 U.S. 112 (1988). A municipality's liability under 42 U.S.C. 1981 may not be broader than its liability under Section 1983 *Jett v. Dallas Independent School District* 491 U.S. 701 (1989).

The causal link between the alleged prior actions of the officer which were known to and ignored by the policymakers and the alleged injury to plaintiff is an essential, initial determination of law. If there is no causal link, that is; if the alleged prior incidents are not sufficiently similar, then the court dismisses the claim of municipal or supervisor liability without further consideration of the existence of an unconstitutional policy, custom or practice *Gottlieb v. Laurel Highlands School District* 272 F. 3d 168 (3rd Cir. 2001). See also *Telepo v. Palmer Township et al* 40 F. Supp 2d 596 (ED PA 1999), in which claims against the police chief were dismissed because no specific identified failure of training or discipline could be seen as the cause of the specific type of harm (malicious prosecution) allegedly suffered by the plaintiff. The officer was also absolved of liability.

Here, Plaintiff has made sweeping, barely coherent assertions of violations of his rights by several police officers of the City; and has also named the Mayor of the City (Richard Filippi, at the time) as a defendant, with little additional allegation. He names The "City of Erie Police Department" as a defendant also; despite the fact that such a municipal department or bureau is not recognized as a "person" under 42 U.S.C. 1983-- *Johnson v. City of Erie et al* 834 F. Supp. 873 (W.D. Pa 1993). The Erie Police Department must be dismissed as a party defendant.

3

Attached to the Motion are the computerized versions of 14 incidents from August 1999 through October of 2005 in which Plaintiff was involved in some capacity with Erie police officers; either as a suspect, complainant or contributor of information.  Chief Charles Bowers has also provided an affidavit which verifies the general accuracy of the computer reports and denies any knowledge of mistreatment of Plaintiff in any manner.

The police reports show that Plaintiff was a frequent subject of police attention, either as a suspect, witness, complainant or alleged victim.

He begins in 1999 as a state prison inmate sending harassing communications to a woman (App 1-3); continues as an alleged victim of vandalism in a 2003 incident (App. 4-6); an alleged victim of mail theft in 2004 (App. 8-9); an alleged victim of burglary to his apartment in November 2004 (App. 10-11); A participant in a major disturbance at a nightclub on November 21, 2004 (App. 12-14); a minor auto accident participant (App.15); an alleged victim of a possible head shooting , not confirmed, on February 10, 2005 (App. 16); an alleged perpetrator of threats to his family members on February 20, 2005 (app. 18-19); an alleged victim of self-reported "snake bites" on February 21, 2005 (App. 20); an accused perpetrator of assault on family members on March 4, 2005 (App. 21-26); the subject of a traffic stop for very loud car music on March 31, 2005 (App. 27-28); a license-suspended driver stopped on May 10, 2005 (App. 29-30).  The officers appeared to have recognized Plaintiff from previous encounters and likely were aware of his driver's license suspension when they saw him driving his vehicle; and finally, an arrestee for public drunkenness on August 11, 2005 (App. 31-33).

Plaintiff has not presented and evidence that the violations alleged against him were dismissed as having been wrongfully instituted, or that any other of his encounters with numerous police officers were not reasonable exercises of police authority.

As individual public officers, the police officers mentioned in Plaintiff's complaint and amended complaint (although none were named as defendants or served with process) would be entitled to the defense of qualified immunity from claims of the nature set forth by Plaintiff against them in their individual capacities, unless they have violated "clearly established statutory or constitutional rights of which a reasonable person would have known" If a reasonable officer could have believed that his or her conduct was lawful, in light of clearly established law and information in the officer's possession, qualified immunity acts to shield the officer from the entire process of litigation, not just ultimate liability. *Sharrar v. Felsing,* 128 F. 3d 810 (3rd Cir. 1997); *Mitchell v. Forsyth* 472 U.S. 511 (1983); *Harlow v. Fitzgerald* 457 U.S. 800 (1982).

The qualified analysis of such civil rights claims was explained by the Third Circuit in *Wilson v. Russo* 212 F. 3d 781 (2000) opinion to be in two steps:

> "First we must 'determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all.' *Conn. V. Gabbert,* 526 U.S. (1999). Only if he has should we 'Proceed to determine whether that right was clearly established at the time of the alleged violation.' Id. Summary judgment is appropriate if no reasonable juror could conclude that Wilson's clearly established rights were violated." 212 F. 3d at 786

Quoting *Orsatti v. New Jersey State Police* 71 F. 3d 480 (3rd Cir. 1995) the *Wilson* court stated that "probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."

As in every case alleging false arrest or malicious prosecution, the plaintiff has been either acquitted or otherwise discharged from criminal responsibility at some stage of the proceeding. The test of probable cause in a resulting civil action is, therefore, not actual guilt, nor even the requisite "probable cause" to bind over charges at a preliminary hearing. It is strictly

5

focused upon information and observations available to the police officer at the time the charges were brought.

In *Wilson* the defendant officer's qualified immunity defense was successful despite his having presented an affidavit of probable cause to the magistrate which omitted some information and distorted other facts because there was sufficient countervailing inculpatory information to support the officer's belief in plaintiff's guilt.

Here, the record establishes only that Plaintiff manages to get himself involved with thee police on many occasions for many reasons, often calling police himself for one reason or another. He has no basis to complaint that he has been subjected to any violation of his rights.

**CONCLUSION:**

The Complaint should be dismissed with prejudice.

Respectfully Submitted,

OFFICE OF ERIE CITY SOLICITOR

By:s://Gerald J. Villella, Esq.
    Gerald J. Villella, Esquire
    ID 32814
    626 State Street, Room 505
    Erie, PA 16501
    (814) 870-1230